IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

01 SEP 21 PM 3: 40

RAFAEL RAMIREZ HERNANDEZ, ]
]
    Petitioner, ]
]
vs. ]   CIVIL ACTION NO. 00-BU-1580-M
]
IMMIGRATION AND ]
NATURALIZATION SERVICE, ]
]
    Respondent. ]

**ENTERED**
SEP 21 2001

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. At the time he filed this petition, the petitioner, Rafael Ramirez Hernandez, was incarcerated at the Cherokee County Jail, in the custody of the Immigration and Naturalization Service. He has since been released on his own recognizance, pending his repatriation to Cuba.

Hernandez is a native and citizen of Cuba, who entered the United States on May 22, 1980, as a refugee during the Mariel boatlift.[1] He was paroled into the United States on May 22, 1980. On August 5, 1986, Hernandez' status was adjusted to that of lawful permanent resident, retroactive to May 22, 1980.

---

[1] The approximately 125,000 undocumented Cubans who arrived in the boatlift are known as Mariel Cubans because they departed from the Mariel Harbor in Cuba.

On May 28, 1997, Hernandez was convicted in the Circuit Court of Mobile County, Alabama, of trafficking marijuana "in excess of 2.2 pounds but not more than 100 pounds." Hernandez received a fifteen year sentence, but was required to serve only three years of the sentence, the balance being suspended. On June 11, 1999, while serving his sentence in the Alabama Department of Corrections, Hernandez was served with a Notice to Appear by the INS, charging him with being deportable due to his conviction of an "aggravated felony." Hernandez was transferred into the custody of the INS on June 21, 1999, from the Alabama Department of Corrections, following the completion of his sentence. Hernandez appeared before an Immigration Judge on July 20, 1999. Hernandez admitted the charges, waived appeal, and was ordered to be deported to Cuba. On September 28, 1999, the INS District Director issued a decision that Hernandez remain in custody pending his repatriation to Cuba. On February 28, 2000, the INS made a formal request for the issuance of a travel document for the petitioner from the Cuban Interest Section of the Swiss Embassy. On April 3, 2000, Hernandez received a preliminary Decision to Continue Detention Following Interview.

Hernandez filed this petition on June 7, 2000. In support of his petition, Hernandez argues that his constitutional rights were violated by the decision to continue detention until he could be deported. He contends that, because he is unable to return to his country of origin, he will remain in INS custody indefinitely. Hernandez requests to be released from INS custody.

On August 20, 2001, the respondents filed a motion to dismiss this action as moot. In support of the motion, the respondents state that Hernandez was released from custody on August 2, 2001, and that there is no longer a case or controversy in this action.

The court concludes that this action is due to be dismissed as moot. Mootness is a question of whether there is any relief available to the petitioner that may be granted by the court. The relief sought by Hernandez is to be released from the custody of the INS, pending his repatriation to Cuba. Because Hernandez has been released from the custody of the INS, his petition has been rendered moot, unless an exception to the mootness doctrine applies. The courts have developed two exceptions to the mootness doctrine: (1) collateral consequences, and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

The collateral consequences exception does not apply in this case because Hernandez does not attack the validity of his earlier conviction, but the INS's decision to hold him in custody pending his deportation. The exception for events "capable of repetition, yet evading review" applies when: (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Since the petitioner has been released from the custody of the INS, the only threat of repetition of the challenged action is if he is convicted of another crime, sentenced to another term of imprisonment, again completes his sentence, and is again denied

3

release from custody pending his deportation. The possibility of this happening is too speculative to create an actual controversy sufficient to support a claim for relief, especially in light of the fact that Hernandez is currently awaiting deportation. An appropriate order will be entered.

DONE this 21st day of September, 2001.

H. Dean Buttram, Jr.
United States District Judge

4